# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 25, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY F. HUFFMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0720** (BOR Appeal No. 2050153)
(Claim No. 2014004162)

**WEST VIRGINIA DIVISION OF ENVIRONMENTAL PROTECTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry F. Huffman, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Environmental Protection, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 1, 2015, in which the Board affirmed a November 7, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's June 24, 2013, decision which rejected the claim for failure to meet the exposure requirements set forth under West Virginia Code § 23-4-1 (2008). The Office of Judges also rejected the claim because it was untimely filed under West Virginia Code § 23-4-15(b) (2010). The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Huffman, an environmental technician and equipment operator, alleges that he developed occupational pneumoconiosis in the course of his employment from May 1, 1995, through November 30, 2007. Mr. Huffman previously filed a claim for occupational pneumoconiosis while working for a different employer and was awarded a 10% permanent partial disability award on December 11, 1992. Mr. Huffman also previously filed a claim for

1

occupational pneumoconiosis while working for the West Virginia Division of Environmental Protection in 2005. The application was rejected on July 26, 2005, due to a lack of exposure to abnormal quantities of dust.

An employment history indicates that Mr. Huffman treated and tested water, built ponds, pumped sludge, operated a weed eater, and built roads in the course of his employment for the West Virginia Division of Environmental Protection. Mr. Huffman testified in a hearing before the Office of Judges on June 9, 2014, that he also sometimes ran equipment including a dozer, backhoe, and truck. He further asserted that he worked with dehydrated lime and that the bags sometimes burst open. He admitted that he had experienced breathing problems since 1987.

The claims administrator rejected the claim for occupational pneumoconiosis on June 24, 2013, for failure to meet the exposure requirements set forth in West Virginia Code § 23-4-15(b). The Office of Judges modified the decision in its November 7, 2014, Order and also rejected the claim because it was untimely filed. The Office of Judges determined that Mr. Huffman's exposure to the hazards of occupational pneumoconiosis dust is highly questionable. It noted that he tested water samples, built ponds, and hauled sludge in the course of his employment, none of which is dusty work. It concluded that he failed to meet his burden of proof under West Virginia Code § 23-4-1 to show that he was continuously exposed to abnormal quantities of dust for two years. The Office of Judges also found that the claim should be rejected because it was not timely filed. West Virginia Code § 23-4-15(b) provides that an application for occupational pneumoconiosis must be filed within three years after the later of the following events: the day of the last continuous period of sixty days that the claimant was exposed to occupational pneumoconiosis or the date a diagnosed impairment was made known to the employee. Mr. Huffman was diagnosed with occupational pneumoconiosis on November 17, 1988. He was then granted a 10% permanent partial disability award on December 14, 1988. The Office of Judges concluded that Mr. Huffman cannot possibly say he did not know or was not diagnosed with occupational pneumoconiosis by a doctor at that time because he received a permanent partial disability award for it. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 1, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Mr. Huffman failed to meet his burden of proof under both West Virginia Code §§ 23-4-1 and 23-4-15(b). He did not submit sufficient evidence to show that he was exposed to the hazards of occupational pneumoconiosis for two consecutive years. He also failed to timely file his claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 25, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II